UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARY HICKS, *et al.*, | ) | Case No.: 1:09 CV 2650 |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| AMERICA'S RECOVERY SOLUTIONS, LLC, | ) ) | |
| | ) | |
| Defendant | ) | <u>ORDER</u> |

Currently pending in the above-captioned case is Defendant America's Recovery Solutions, LLC's ("ARS" or "Defendant") Motion for Summary Judgment (ECF No. 11). For the reasons stated herein, the court denies in part and grants in part Defendant's Motion.

## I. FACTUAL AND PROCEDURAL HISTORY

Defendant regularly engages in the collection of outstanding accounts, and has placed phone calls in an attempt to collect an alleged debt from Plaintiff Albert Hicks, but not from his wife, Plaintiff Mary Hicks. (Ans. at ¶ 7, ECF No. 4.) Plaintiffs maintain that when Defendant calls, the caller ID often only shows "UNKNOWN" (Compl. at ¶ 12, ECF No. 1), and that Defendant often hangs up without leaving a message or allowing Plaintiffs to answer. (*Id*. at ¶ 15.) Finally, they contend that Defendant did not disclose that it was a debt collector in its messages. (*Id.* at ¶¶ 16, 17.)

Defendant's calls have resulted in five conversations with Plaintiffs. (Mary Hicks Aff., ECF No.

13-1, at ¶ 9.) While Plaintiffs have not alleged a specific number of phone calls from Defendant, they contend that they received "daily calls for two weeks, often twice a day" from late September until mid-October. (*Id.* at ¶¶ 4, 16.) Defendant has provided a record indicating that 21 calls took place from August 6, 2009 until November 13, 2009. (Debtor Overview Report, ECF No. 11-1.) It also indicates that Defendant called twice in the same day just one time, and never more than that. (*Id.*) However, Plaintiffs allege that they were often called more than once in a day. (Mary Hicks Aff., at ¶ 16, ECF No. 13-1.)

On November 12, 2009, Plaintiffs filed the instant suit against Defendant, alleging violations of the Federal Debt Collection Practices Act ("FDCPA"). (ECF No. 1.) On September 28, 2010, Defendant filed a Motion for Summary Judgment. (ECF No. 11.)

## II. SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(a) governs summary judgment motions and provides that:

> A party may move for summary judgment, identifying each claim or defense–or the part of each claim or defense–on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. . . .

A party asserting there is no genuine dispute as to any material fact or that a fact is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce

admissible evidence to support the fact.

FED. R. CIV. P. 56(c)(1).

In reviewing summary judgment motions, this court must view the evidence in a light most favorable to the non-moving party to determine whether a genuine issue of material fact exists. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 153 (1970); *White v. Turfway Park Racing Ass'n, Inc.*, 909 F.2d 941, 943-44 (6th Cir. 1990). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. Thus, in most cases the court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict." *Id*. at 252. However, "[c]redibility judgments and weighing of the evidence are prohibited during the consideration of a motion for summary judgment." *Ahlers v. Scheibil*, 188 F.3d 365, 369 (6th Cir. 1999).

The moving party has the burden of production to make a prima facie showing that it is entitled to summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986). If the burden of persuasion at trial would be on the non-moving party, then the moving party can meet its burden of production by either: (1) submitting "affirmative evidence that negates an essential element of the nonmoving party's claim"; or (2) demonstrating "to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." *Id*.

If the moving party meets its burden of production, then the non-moving party is under an affirmative duty to point out specific facts in the record which create a genuine issue of material fact. *Fulson v. City of Columbus*, 801 F. Supp. 1, 4 (S.D. Ohio 1992). The non-movant must show "more

than a scintilla of evidence to overcome summary judgment"; it is not enough to show that there is slight doubt as to material facts. *Id*. Moreover, "the trial court no longer has a duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989) (citing *Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C. Cir. 1988)).

### III. LAW AND ANALYSIS

The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors" and "to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). It prohibits debt collectors from "engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Further, it forbids "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The FDCPA also restricts communication with third parties regarding a debt. 15 U.S.C. § 1692c(b).

Plaintiffs' Complaint initially alleged that Defendant's conduct violated § 1692d, § 1692e, and § 1692g(a) of the FDCPA. Defendant has moved for summary judgment on all counts. Plaintiffs oppose Defendant's Motion in regard to § 1692d and § 1692e, but voluntarily withdrew their § 1692g(a) claim.

#### A. False or Misleading Representations - 15 USC § 1692e

Plaintiffs have alleged that Defendant violated § 1692e, specifically subsections (10) and (11). Plaintiffs contend that Defendant violated this section by calling and hanging up to avoid meaningful disclosure, and that it failed to provide that disclosure even when it did leave a message. Defendant argues that hanging up without leaving a message is not deceptive, and that no cases support such a claim.

Additionally, it contends that voicemails are not communications under this section. The section prevents debt collectors from using

> any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> . . .
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.
>
> (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector. . .

15 U.S.C. § 1692e. Courts apply an objective test of whether the 'least sophisticated consumer' would be misled by defendant's actions to determine whether a debt collector's practice is deceptive within the meaning of the FDCPA. *Harvey v. Great Seneca Financial Corp.*, 453 F.3d 324, 331 (6th Cir. 2006) (internal citation omitted).

### 1. Hanging up Without Leaving a Voicemail-§ 1692e(10)

Plaintiffs claim that by calling and hanging up without leaving a voicemail, Defendant has violated § 1692e(10) of the FDCPA. Defendant contends it is entitled to summary judgment on this claim because Plaintiffs have failed to provide any case law to suggest that this conduct is actionable. Further, Plaintiffs maintain that Defendant has not demonstrated how such conduct could mislead even the least sophisticated consumer.

Plaintiffs argue that Defendant has not provided any case law to suggest that the conduct in question is *not* actionable. They also contend that since Defendant has not deposed them to find out whether they felt deceived or misled, the issue is one for a jury. They allege that Defendant often called from an unknown phone number, and shielding its identity in such a manner could be construed as a deceptive attempt to reach the client.

Despite Plaintiffs' assertion that their feelings create a fact issue to be determined by a jury, the actions of a debt collector are judged by an objective standard. Therefore, Plaintiffs' feelings are not dispositive. Instead, this court must examine whether a debt collector's concealment of its identity, either through blocking its number or hanging up without leaving a voicemail, would mislead the least sophisticated consumer. Plaintiffs argue that Defendant's actions could do so, relying on *Hosseinzadeh v. M.R.S. Assoc., Inc.*, 387 F.Supp.2d 1104 (C.D. Cal. 2005). The *Hosseinzadeh* court found that voicemail messages are actionable under appropriate circumstances, holding that messages convey information about the debt indirectly and entice the consumer to call back regarding the debt. However, Plaintiffs' reliance on this case is misplaced, as Plaintiffs base this aspect of their claim entirely on calls made by Defendant, where it hangs up without leaving voicemail messages.

Plaintiffs contend that *Langdon v. Credit Mgmt.*, *LP*, No. C 09-3286 VRW, 2010 U.S. Dist. Lexis 16138, at *6-7 (N.D. Cal. Feb. 24, 2010), also demonstrates that Defendant's actions could mislead the least sophisticated consumer. In *Langdon*, the court denied the defendant's motion to dismiss, finding that the "[p]laintiff's factual allegation that defendant calls and hangs up when plaintiff or his answering machine answers . . . provides sufficient factual support for his claims under sections 1692e (10-11)." *Id*. However, here, Plaintiffs fail to similarly demonstrate that Defendant hung up in response to

either Plaintiff answering the phone, or because it reached voice mail. Therefore, *Langdon* does not support Plaintiffs' argument.

Plaintiffs fail to cite to any case law or statute that explains how hanging up, and choosing not to leave a voice message or that calling from an unknown number, by itself, is a deceptive practice. The *Carmen* court held that under the FDCPA, the debt collector has no right to leave a message, and therefore, "it follows that there can be no requirement that a message be left for a debtor, and no case or statute holds otherwise." *Carmen v. CBE Group*, No. 09-2538-JAR, 2011 WL 1102842, at *7 (D. Kan. Mar. 23, 2011); *see also Druschel v. CCB Credit Servs., Inc.*, No. 8:10-cv-838-T-33TBM, 2011 WL 2681637, at *7 (M.D. Fla. June 14, 2011) (finding that the "failure to leave a voice message is not necessarily prohibited by the FDCPA" and that "[s]uch circumstances alone do not demonstrate deceptiveness"). The court finds the reasoning of these courts to be persuasive. Therefore, no genuine dispute of material fact remains regarding § 1692e(10), and Defendants are entitled to summary judgment on this claim. However, this finding is limited to § 1692e(10), and does not preclude liability under a different provision of the FDCPA.

### 2. Disclosure in Voicemails-§ 1692e(11)

Plaintiffs claim that Defendant violated § 1692e(11) by failing to disclose, in any communication, that it was a debt collector. Plaintiffs point to the decision in *Hosseinzadeh,* which determined that messages left for a consumer constitute communications under the FDCPA. 387 F.Supp.2d at 1116 (citing to *Federal Trade Commission Staff Commentary on the Fair Debt Collection Practices Act*, 53 Fed.Reg. 50103 (rejecting contentions that "contacts that do not explicitly refer to the debt are not 'communications' and, hence, do not violate any provision where that term is not used" and concluding that

-7-

some contacts that do not mention debt may refer to the debt "indirectly," thereby constituting communications)). Thus, they contend that Defendant was required to disclose its status as a debt collector in any voicemail.

Defendant argues that the court should not accept the *Hosseinzadeh* holding, because it would create an inconsistency under the FDCPA, which does not allow communication with any third party. Defendant believes that if it is forced to disclose its status as a debt collector in voicemails, it could be sued if any third party happened to hear the message.

A careful reading of *Hosseinzadeh* reveals the flaw in Defendant's first argument. Calls made to a consumer's residence are analogous to a letter left on a coffee table or an envelope which is eventually opened by the wrong person, the small risk of exposure cannot relieve the debt collector of its obligation to identify itself. Since these calls were made to Plaintiffs' home, there was a reasonable expectation of privacy, and thus very little risk of communicating with third parties. This line of reasoning was specifically followed by *Hosseinzadeh*. The court finds this case, and Plaintiffs' arguments, to be persuasive on this point.

Defendant also contends that Plaintiff Mary Hicks had no right to disclosure because she did not have an account with ARS, and thus is not a consumer according to the FDCPA. However, the Sixth Circuit has previously found that the protections of § 1692e are not just applicable to consumers. *Wright v. Finance Serv. of Norwalk, Inc.*, 22 F.3d 647, 649 (6th Cir. 1994) ("under § 1692e a debt collection practice need not offend the alleged debtor before there is a violation of the provision"). If the court were to follow Defendant's reasoning, it would create an inconsistency in the FDCPA, letting debt collectors openly discuss a debtor's affairs with his spouse under § 1692c, yet allowing the same collectors to avoid

-8-

disclosure, by claiming § 1692e does not apply to spouses. Since consumers are not the only people protected by § 1692e, the fact that Mary may not be a consumer is not relevant for this claim. Inasmuch as the court has concluded that voicemail is a communication under the statute, and Defendant does not contest that it did not identify itself, summary judgment on this claim is hereby denied.

### B. Harassment or Abuse - 15 USC § 1692d

Plaintiffs have also alleged violations of § 1692d, specifically of § 1692d(5) and § 1692d(6). According to the FDCPA,

> [a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> . . .
> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.
>
> (6) Except as provided in section 804, the placement of telephone calls without meaningful disclosure of the caller's identity.

15 U.S.C. § 1692d. Defendant argues that Plaintiffs have failed to demonstrate the intent element of § 1692d(5), and that failing to leave a message is not actionable under § 1692d(6). Plaintiffs argue in turn that the inference of intent can be drawn from the volume and pattern of phone calls, a fact issue to be decided by a jury, and that voicemails are "communications."

### 1. Causing a Telephone to Ring with Intent to Annoy, Abuse, or Harass-§ 1692d(5)

15 U.S.C. § 1692d(5) prohibits a debt collector from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass." Courts have followed the Federal Trade Commission's interpretations, finding that the term "repeatedly" means

"calling with excessive frequency under the circumstances," and that "continuously" means "making a series of calls, one right after the other." *See McVey v. Bay Area Credit Service,* No. 4:10-CV-359-A, 2010 WL 2927388, at *6 (N.D. Tex. July 26, 2010) (citing to *Federal Trade Comm'n Staff Commentary on the Fair Debt Collection Practices Act*, Fed.Reg. 50097). Although a court may consider the "frequency, persistence, and volume of the telephone calls" to determine intent, the mere fact that a call is unwelcome is "insufficient to constitute a violation of the FDCPA." *Martin v. Select Portfolio Serving Holding Corp.*, No. 1:05-cv-273, 2008 WL 618788 (S.D. Ohio Mar. 3, 2008). Further, a significant disparity between the number of telephone calls placed by the defendant and answered by the plaintiff may suggest difficulty in reaching the plaintiff rather than intent. *Saltzman v I.C. System, Inc.*, No. 09-10096, 2009 WL 3190359, at *7 (E.D. Mich. Sept. 30, 2009).

However, there is no bright line rule regarding the number of calls which creates the inference of intent. In *Sanchez v. Client Services,* 520 F.Supp.2d 1149, 1160 (N.D. Cal. 2007), the court granted summary judgment to the plaintiff on a § 1692d(5) claim based on 54 calls over a six-month period, including a day in which six calls were made. In contrast, the court in *Tucker v. The CBE Group, Inc.*, 710 F.Supp.2d 1301, 1305 (M.D. Fla. 2010), granted the defendant's motion for summary judgment despite 57 calls, including 7 in one day. Additionally, the court in *Akalwadi v. Risk Mgmt. Alternatives, Inc.*, 336 F.Supp.2d 492, 506 (D. Md. 2004), found that intent was a jury question when the defendant placed 26-28 calls over a two-month period. In contrast, the *Saltzman* court granted summary judgment to the defendant, despite a higher number of calls over a similar time period. 2009 WL 3190359 at *6-7.

Defendant argues that the volume and frequency of calls in this case merit summary judgment in its favor. It points to the fact that only 21 calls were made over a three-month period, a lower volume than

many cases in which courts granted summary judgment to the debt collector. Further, Defendant claims that it only called twice in the same day on one occasion.

The court concludes that the number of calls is not totally dispositive in this case. Rather, the nature, extent, and context of the calls are also important. Plaintiffs' affidavits indicate that Defendant continued to call Plaintiffs on a daily basis, often twice a day, despite being advised that Plaintiffs were represented by a debt management company. In addition, there is no significant disparity between the number of calls placed and answered, a factor that courts such as the *Saltzman* court have used to excuse high call volumes on the theory that it indicates a difficulty in reaching the consumer. While Plaintiffs' evidence is not particularly strong, a reasonable jury could find the requisite intent to harass or annoy. Thus, a genuine dispute of material fact remains and summary judgment is denied on this claim.

### 2. Failing to Leave Messages-§ 1692d(6)

Plaintiffs' claim under § 1692d(6) is based on Defendant's failure to leave messages, similar to their § 1692e(10) action. They argue that Defendants have harassed them by "plac[ing] telephone calls without meaningful disclosure of the caller's identity." (Opp. at 20, ECF No. 13.) The court does not find Plaintiffs' arguments to be persuasive. As stated above, requiring debt collectors to leave a message each time they called would create inconsistency within the FDCPA. Such a practice would be more harassing than Defendant's current behavior, since consumers would still get the calls, but would now have to listen to a slew of voicemails as well. Therefore, as the court concluded above, Plaintiffs have failed to demonstrate a genuine dispute of material fact remains in regard to this claim, and therefore Defendant is entitled to summary judgment.

### C. 1692g(a) - Debt Validation

Plaintiffs have voluntarily withdrawn their claim under § 1692g. Accordingly, that claim is dismissed.

### IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment (ECF No. 11) is denied in part and granted in part, and the following claims remain: § 1692d(5) and § 1692e(11).

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

September 29, 2011